# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER SESSION, 1997

FILED

December 17, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9612-CC-00525 |
| | ) | |
| Appellee, | ) | |
| | ) | HUMPHREYS COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. ROBERT E. BURCH, JUDGE |
| ROBERT K. BOOHER, | ) | |
| | ) | |
| Appellant. | ) | (VIOLATION OF REGISTRATION LAW) |

FOR THE APPELLANT:

ROBERT K. BOOHER, *pro se*
104 Capps Hill
Waverly, TN 37185

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

JANIS L. TURNER
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

DAN M. ALSOBROOKS
District Attorney General

GEORGE C. SEXTON
Assistant District Attorney General
Humphreys County Courthouse
Room 205
Waverly, TN 37185

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Robert K. Booher, appeals as of right from the judgment of the Circuit Court of Humphreys County. Following a jury trial, the Defendant was convicted of driving without proper vehicle registration and driving without a license, both Class C misdemeanors. In this *pro se* appeal, Defendant raises many issues which can collectively be summarized as challenging the constitutionality of the applicable motor vehicle statutes and the denial of adequate due process of law. We affirm the judgments of the trial court.

From the sparse record, it appears that on November 20, 1995, Waverly police officer W.B. Frazier saw the Defendant driving a vehicle without proper registration plates. See Tenn. Code Ann. § 55-3-102. Upon stopping the vehicle, Officer Frazier discovered that Defendant also did not possess a valid Tennessee driver's license. See Tenn. Code Ann. § 55-50-301.

The jury found the Defendant guilty of both offenses. The trial court imposed a suspended sentence of 30 days for each offense and fined him a total of $100.

The record on appeal contains no motion for new trial filed by the Defendant. Rule 3(e) of the Tennessee Rules of Appellate Procedure states in part:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically

stated in a motion for a new trial; otherwise, such issues will be treated as waived.

This rule does not encompass issues which, if decided favorably to the accused, would result in the dismissal of the prosecution. State v. Keel, 882 S.W.2d 410, 415-16 (Tenn. Crim. App. 1994). Since the relief requested, if granted in the instant case, would be dismissal of the prosecution, then the waiver provision contained in Rule 3(e) is not applicable. Thus, the issues presented by Defendant would normally be considered on the merits.

However, the Defendant has not included the transcript of the trial or any pre-trial hearings as part of the record on appeal. It is the appellant's duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). When necessary parts of the record are not included on appeal, the court must presume that the trial court's ruling was correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Therefore, even if review of the issues presented is proper in the instant case, this Court must defer to the findings of the trial court since no transcript is included in the record.

Furthermore, Defendant was also convicted at a different trial for the same type of offenses as in the instant case, but which occurred on a different date. The identical issues presented in the case sub judice were presented in the direct appeal by Defendant from the other convictions, and were resolved by another panel of this Court against Defendant. Even if the issues were not waived by failure to file a complete record, we would adopt the reasoning and analysis of

the panel of this Court in <u>State v. Robert K. Booher</u>, C.C.A. No. 01C01-9604-CC-00131, Humphreys County (Tenn. Crim. App., Nashville, filed Aug. 22, 1997) in finding that the issues presented in the case <u>sub</u> <u>judice</u> are without merit.

Accordingly, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
J. CURWOOD WITT, JR., Judge